**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Wells Fargo Business Credit, Inc.,

Plaintiff,

v.

NEXIFM, Inc., Gustavo G. Vela and Susana Vela,

Defendants.

Civil No. 01-1903 ADM/AJB

**ORDER ON MOTION TO TRANSFER VENUE**

Charles F. Webber, Esq., appeared on behalf of plaintiff.

Stephen E. Yoch, Esq., appeared on behalf of defendants.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on defendants' motion to transfer venue to the Western District of Texas. Hearing was held on February 25, 2002, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101. Defendants move to transfer venue, asserting that the State of Texas is the proper venue because the loan transactions which give rise to the action took place in Texas and defendants are residents of Texas. Plaintiffs oppose change of venue and insist that venue in Minnesota is appropriate pursuant to a choice of venue clause contained in commercial loan agreements.

Based upon the file, affidavits, memorandums, and arguments of counsel:

**IT IS HEREBY ORDERED THAT** defendants' motion to transfer venue to the Western District of Texas is **denied** [Docket No. 3].

FEB 26 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Dated: 2/26/02

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Defendants do not challenge the validity of the choice of venue clauses in their loan agreements with plaintiff, and they acknowledge that such clauses are a significant factor in determining proper venue. However, defendants insist that the existence of a contractual forum selection clause is not the end of the analysis and that the Court should still consider the convenience of the parties as a primary factor in determining whether to transfer venue pursuant to 28 U.S.C. § 1404(a). It is defendants' contention that in this instance the convenience of the parties and witnesses, along with several additional considerations relating to the business relationship between the parties and the site of business activities, are factors which outweigh any venue preference established under a forum selection clause.

While the existence of a contractual venue provision may not be the end of the analysis on a motion to transfer venue, such a provision remains a highly significant factor. Stewart Organization v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, (1988). Defendants' characterization of the provision as mere boilerplate is totally unavailing, and there is no claim that the forum clause was a result of unequal bargaining positions, fraud, or overreaching. M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F.3d 750, 752 (8th Cir. 1999). Enforcement of the

provision certainly would not deprive defendants of their day in court. Id. Furthermore, the Court finds that placing venue in Minnesota does not expose defendants to any hardship which did not exist or could not have been reasonably contemplated at the time that contracts were executed and the forum selection clause became effective. Defendants expressly consented to Minnesota as the forum for dispute resolution and the Court now finds no justification for essentially ignoring the agreement of the parties in that regard and further concludes that enforcement of the forum selection provision would not be unjust. Defendants' motion to transfer venue is therefore denied.