**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

WELLS FARGO BUSINESS CREDIT, INC.,

Plaintiff,

v.

NEXIFM, GUSTAVO G. VELA AND SUSANA VELA,

Defendants,

Civil No. 01-1903 ADM/AJB

**ORDER ON MOTION TO STAY PROCEEDINGS**

---

The above matter came before the Court on Defendants' Motion to Stay the Proceedings. [Docket No. 26]. A hearing was held on February 24, 2003, at the U. S. Courthouse, 316 Robert St., St. Paul, Minnesota. Stephen E. Yoch, Esq., appeared on behalf of the Defendants. Charles F. Webber, Esq., appeared on behalf of the Plaintiff. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT**: Defendants' Motion to Stay Proceedings Pending Resolution of Related Texas Litigation is **denied**. [Docket No. 26].

Dated: February 26, 2003

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Defendants filed this Motion to Stay the Proceedings in federal court in Minnesota. They argue that "virtually identical" claims are being litigated in Texas state court, that action is

FEB 26 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

scheduled for trial on April 7, 2003, and this Court should stay its proceedings until there is a judgment in the Texas state court.

The Eighth Circuit discussed the "exceptional circumstances" test, six factors to be considered when a federal court is called upon to abstain from exercising its jurisdiction because of a pending state action, in USF & G Co. v. Murphy Oil USA, 21 F.3d 259, 261 (8th Cir. 1994). The Court noted that prior courts "viewed the district courts' obligation to exercise jurisdiction in such cases as almost without exception." Id.

The factors used to determine whether exceptional circumstances exist are: (1) whether one of the courts has assumed jurisdiction over a res; (2) the relative convenience of the forums; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the parties' rights. Nakash v. Marciano, 882 F.2d 1411, 1415 (9th Cir. 1989) (citations omitted). Whether these factors suggest the "requisite exceptional circumstances" is determined by the "careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 16 (1983).

First, both parties concede that there is no res in this case over which either court could exercise jurisdiction.

Second, each forum is more convenient for one party. Plaintiff has its headquarters in Minnesota, and Defendants would prefer to litigate in Texas, their home state.

Third, while courts strive to avoid piecemeal litigation, its possibility does not constitute exceptional circumstances requiring a stay of federal jurisdiction. The mere potential for conflict

in the results of adjudications does not, without more, warrant staying exercise of federal jurisdiction. Colorado River Water Conservation District v. United States, 424 U.S. 800, 816 (1976).

Fourth, this Court considers the relative progress of the cases. In Texas, the case was filed in July 2001 and is set for a trial on April 7, 2003. Here, in Minnesota, Plaintiff filed the Complaint in October 2001 and the parties are in the process of briefing Plaintiff's Motion for Summary Judgment. Although the case in Texas has progressed further and began three months earlier, there is not a disparity in the progress of the cases that constitutes exceptional circumstances.

Fifth, this case is governed by Minnesota state law. As a result, neither the federal court in Minnesota, nor the state court in Texas, has a clear advantage.

Sixth, this Court acknowledges Plaintiff's concerns about the Texas state courts. Nevertheless, this Court also recognizes that the state court forum would provide adequate adjudication of the claims at issue here, including negligence and breach of contract. The adequacy does not, however, constitute exceptional circumstances prompting this Court to stay its jurisdiction over the litigation here.

"The pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Colorado River, 424 U.S. at 817. Because there has been no showing of exceptional circumstances, this Court will not stay proceedings in federal court awaiting a resolution of the parties' claims in state court in Texas.

AJB